KEVIN NEIL JENKINS, Petitioner, v. THE FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF ELKO, AND THE HONORABLE THOMAS LOVE STRINGFIELD, District Judge, Respondents.

No. 22973

March 24, 1993 — 849 P.2d 1055

*Gary D. Fairman,* Ely, for Petitioner.

*Marshall Smith,* District Attorney, Elko County, for Respondents.

*David B. Lockie,* Elko; *Danielle L. Jacoboni,* Carson City, for Amicus Curiae.

## OPINION

*Per Curiam:*

This original petition for a writ of prohibition challenges an order of the district court refusing to dismiss two of three alternative charges in a criminal complaint after petitioner pleaded no contest to the third charge. Petitioner contends the district court's decision to proceed to trial on the remaining charges violates his Fifth Amendment right not to be prosecuted twice for the same offense. Petitioner contends further that the district court exceeded its jurisdiction in refusing to dismiss the remaining charges.

Petitioner was charged with three alternative offenses within one count: driving while intoxicated resulting in the death of another person ("felony DUI"); reckless driving causing the death of another person ("felony reckless driving"); and involuntary manslaughter. On December 9, 1991, petitioner moved the district court for leave to plead no contest to involuntary manslaughter and to dismiss the remaining two offenses. The district attorney and petitioner insisted that no plea bargain was involved. Nevertheless, the district attorney agreed to the dismissal of the remaining charges against petitioner, as well as one charge against a co-defendant, in return for petitioner's plea of no contest.

The district court expressed concern that accepting petitioner's plea and dismissing the remaining charges would violate NRS 484.3795(2), which prohibits plea bargaining when a defendant is charged with felony DUI. Because the district attorney and petitioner both argued the district court could accept the plea without violating NRS 484.3795(2), the district court appointed attorney David B. Lockie as a friend of the court to advocate the opposing view.[1] After holding an evidentiary hearing, the district court ruled that accepting petitioner's plea of no contest and

---

[1]Mr. Lockie has also filed a brief on behalf of the victim's family in this petition. We ordered the district attorney to file an answer but relieved the district attorney of the obligation to do so on April 17, 1992, because he agreed with petitioner's position. Accordingly, we allowed Mr. Lockie to file a brief because we felt it would be of assistance to this court, especially in the absence of an answer.

dismissing the remaining charges would violate NRS 484.3795(2). The district court ruled further that the district attorney lacked authority to charge petitioner with alternative offenses within one count. The district court therefore ordered the district attorney to amend the criminal information to set forth the alternative charges in separate counts. The district court indicated that once the information was amended, it would accept petitioner's plea of no contest to involuntary manslaughter if petitioner chose to so plead. The district court made it clear, however, that it would nevertheless proceed to trial on the remaining charges.

On February 21, 1992, the district court accepted petitioner's plea of no contest to one count of involuntary manslaughter. Before doing so, the district court reiterated its intention to proceed to trial on the remaining charges. Petitioner's counsel stated that petitioner understood the district court's intentions. The district court postponed sentencing pending the trial on the other charges. Petitioner then filed this petition for a writ of prohibition on March 4, 1992.[2]

Petitioner contends that the district court's order refusing to dismiss the remaining charges against him violates his constitutional protection against being prosecuted a second time for the same offense after conviction. *See* Grady v. Corbin, 495 U.S. 508 (1990). Petitioner is wrong. The Double Jeopardy Clause protects persons against being subject to a subsequent prosecution for the same offense. *Id.* at 516. Petitioner has not been prosecuted twice for the same offense; he has been charged with multiple offenses in a single prosecution. Resolving only part of the charges lodged against a defendant and proceeding to trial on the remaining charges does not implicate the Double Jeopardy Clause. Ohio v. Johnson, 467 U.S. 493, 501 (1984); *see also* NRS 173.125.

Petitioner also contends that the district court exceeded its jurisdiction by refusing to dismiss the remaining charges against him after accepting his plea of no contest. Petitioner argues that the state can charge defendants with alternative offenses under a single count and that pleading no contest to one of the alternatives demands dismissal of the remaining charges. Petitioner's argument lacks merit. Although a charging document may set forth

---

[2]On July 23, 1992, Mothers Against Drunk Driving (MADD) filed a motion with this court for leave to file an amicus curiae brief. Petitioner opposes the motion. Cause appearing, we grant MADD's motion, and we direct the clerk of this court to file the proposed amicus brief received by this court on July 23, 1992. We have considered this brief in resolving this petition.

alternative *means* of committing a crime within a single count, alternative *offenses* must be charged in separate counts. NRS 173.075(2); NRS 173.115.

Even if the state could charge alternative offenses within a single count, dismissing the remaining charges against petitioner would violate NRS 484.3795(2). NRS 484.3795(2) prohibits the state from plea bargaining with defendants charged with felony DUI. Despite petitioner's and the district attorney's concerted efforts to avoid labeling petitioner's no contest plea as part of a plea bargain, the facts point to the opposite conclusion. The district attorney agreed that if petitioner pleaded no contest to involuntary manslaughter, he would move to dismiss the remaining charges against petitioner as well as the charge against petitioner's co-defendant. This arrangement is at a minimum a *de facto* plea bargain, irrespective of the district attorney's attempt to view it otherwise.

Even if this arrangement were not a plea bargain, dismissing the felony DUI charge and accepting petitioner's plea of no contest would destroy the intent of NRS 484.3795(2). The statutory language reflects a clear legislative intent to prevent defendants from escaping a conviction for felony DUI by pleading to a "lesser charge."[3] If the district court had agreed to accept petitioner's no contest plea to involuntary manslaughter and dismiss the felony DUI charge, the intent behind NRS 484.3795(2) would have been unlawfully circumvented. Thus, the district court was correct in its ruling.

Finally, relying on Albitre v. State, 103 Nev. 281, 738 P.2d 1307 (1987), petitioner contends the district court exceeded its jurisdiction by refusing to dismiss the remaining charges pending against petitioner. Petitioner's reliance on *Albitre* is misplaced.

In *Albitre,* based on a single accident in which two persons were killed, the defendant was charged and convicted of two counts each of felony DUI, felony reckless driving, and involuntary manslaughter. This court noted that the state was free to bring multiple charges based on a single incident. Nevertheless, this court held that the multiple convictions were redundant, and

---

[3]NRS 484.3795(2) provides:

No prosecuting attorney may dismiss a charge of violating the provisions of subsection 1 [felony DUI] in exchange for a plea of guilty or nolo contendere to a lesser charge or for any other reason unless he knows or it is obvious that the charge is not supported by probable cause or cannot be proved at the time of trial. Except as otherwise provided in subsection 3, a sentence imposed pursuant to subsection 1 may not be suspended nor may probation be granted.

vacated the convictions on all but the two counts charging the defendant with felony DUI. *Id.* at 284, 738 P.2d at 1309.

In this case, petitioner has been charged in the alternative with three crimes arising out of a single accident resulting in one death. Conviction on all three counts would clearly be redundant and impermissible under *Albitre*. Nevertheless, *Albitre* does not preclude the district attorney from prosecuting the multiple charges in this case, nor does it preclude the district court from awaiting the resolution of the entire proceeding before entering a judgment of conviction. *Albitre* simply precludes the district court from entering redundant convictions against the defendant in the event the proceedings result in a finding of guilt with respect to more than one of the alternative charges against petitioner.

Petitioner has no basis for challenging the district court's refusal to dismiss the remaining charges against him, especially given the fact he entered his plea knowingly and voluntarily. Before accepting his plea, the district court thoroughly canvassed petitioner and warned him the court would proceed to trial on the remaining charges. Even if petitioner had not entered his plea knowingly and voluntarily, he could not raise that issue in this petition, because he has adequate remedies in the ordinary course of the law.

Having concluded that petitioner's contentions lack merit, we deny this petition for a writ of prohibition.