THE STATE OF NEVADA, Appellant, v.
JOSHUA JAMES KOSECK, Respondent.

No. 27308

April 24, 1997                    936 P.2d 836

*Frankie Sue Del Papa,* Attorney General, Carson City; *Gary D. Woodbury,* District Attorney, Elko County, for Appellant.

*Brian D. Green,* Elko, for Respondent.

## OPINION

*Per Curiam:*

The district court granted a motion to dismiss one count of a criminal information charging lewdness with a child under the age of fourteen years. The court concluded that the state could not charge appellant both with lewdness and with sexual assault based on the same act of sexual penetration. We conclude that the court erred and therefore reverse and remand.

## FACTS

On April 28, 1995, the state charged appellant Joshua James Koseck by information with three alternative counts: count I, sexual assault of a child under the age of fourteen years, a felony; count II, lewdness with a child under the age of fourteen years, a felony; or count III, statutory sexual seduction, a gross misdemeanor. All three counts were based on the same alleged act of sexual intercourse. Count III was not charged as a felony because Koseck was between eighteen and twenty-one years of age at the time of the alleged offense. *See* NRS 200.368.

On June 12, 1995, Koseck moved to dismiss count II. On June 27, 1995, the day that trial was to begin, a hearing was held outside the presence of the jury. The district court stated:

> It appears to me that based upon the language of the lewdness statute concerning the lewd and lascivious acts "other than acts constituting the crime of sexual assault," that the statutory scheme that we have in Nevada, under this type of scenario, would require either that sexual assault be proven or if it's not proven, as far as consent, . . . then it drops down to a gross misdemeanor under statutory sexual seduction and that lewdness would not be—it would not be proper to allege that in the information.

The court then granted the motion to dismiss count II and stayed the proceedings to allow the state to appeal the matter to this court.

## DISCUSSION

A person is guilty of sexual assault if he "subjects another person to sexual penetration . . . against the victim's will or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his conduct." NRS 200.366(1). "A person who willfully and lewdly commits any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child," is guilty of a felony. NRS 201.230(1).

The district court concluded that a lewdness count cannot be based on an act of sexual penetration because NRS 201.230(1) excludes "acts constituting the crime of sexual assault" as grounds for the offense of lewdness. The court also cited Townsend v. State, 103 Nev. 113, 734 P.2d 705 (1987), in its written order.

In *Townsend,* this court stated that "the crimes of lewdness

with a child under the age of fourteen and sexual assault are mutually exclusive." *Id.* at 120, 734 P.2d at 710. This statement is correct in its proper context, but in light of our holdings in Jenkins v. District Court, 109 Nev. 337, 849 P.2d 1055 (1993), and Albitre v. State, 103 Nev. 281, 738 P.2d 1307 (1987), we conclude that the district court erred in dismissing the lewdness count in this case.

When a defendant receives multiple convictions based on a single act, this court will reverse "redundant convictions that do not comport with legislative intent."[1] *Albitre,* 103 Nev. at 283, 738 P.2d at 1309. However, the state is "free to bring multiple *charges* based on a single incident." *Jenkins,* 109 Nev. at 340-41, 849 P.2d at 1057 (emphasis added). The lewdness statute expressly excludes from its purview "acts constituting the crime of sexual assault." NRS 201.230(1). Thus, multiple convictions for lewdness and sexual assault based on the same act would not comport with legislative intent and would be unlawful under *Albitre* and *Jenkins;* however, multiple alternative charges are not unlawful.

If the alleged victim in this case had been fourteen years of age or older, lewdness could not be charged since it applies only to victims under fourteen. But the state alleges that the victim was under fourteen. The state is not seeking to convict Koseck of both sexual assault and lewdness for the same act, which NRS 201.230(1) forbids. It seeks first to prove sexual assault, which requires proof beyond a reasonable doubt that Koseck sexually penetrated the victim against her will or when he knew or should have known that she was incapable of resisting or understanding the nature of the conduct. In case the state fails to prove that sexual penetration occurred against the victim's will or beyond her ability to resist or understand, it seeks to prove lewdness, which is a felony even if the sex was consensual. As a final alternative, it seeks to prove statutory sexual seduction, a gross misdemeanor due to Koseck's age. We conclude that these alternative charges are lawful.

*Townsend* cited Martin v. Sheriff, 88 Nev. 303, 496 P.2d 754 (1972), for the proposition that lewdness and sexual assault are "mutually exclusive" crimes. *Townsend,* 103 Nev. at 120, 734 P.2d at 710. In *Martin,* the state charged Martin with rape and

---

[1]On the other hand, where two offenses constitute the same offense for double jeopardy purposes, "double jeopardy will not be violated by separate sentences for those two offenses following a single trial, if it appears that the legislature intended separate punishments." Talancon v. State, 102 Nev. 294, 301, 721 P.2d 764, 769 (1986).

with lewdness. *Martin,* 88 Nev. at 304, 496 P.2d at 754. This court concluded that there was sufficient evidence at the preliminary hearing to establish probable cause for the rape charge but that the magistrate erred in binding Martin over on the lewdness charge. *Id.* at 306, 496 P.2d at 755. We stated that rape and lewdness "are rendered mutually exclusive by the language of NRS 201.230(1)."[2] *Id.* It is clear that both charges against Martin were based on a single act and were not pleaded in the alternative. We conclude therefore that the result in *Martin* was correct and that sexual assault and lewdness are "mutually exclusive" insofar as they cannot both lead to convictions based on the same act. However, *Martin* does not apply to this case, where the charges have been pleaded in the alternative.

We conclude that neither *Martin* nor *Townsend* precludes the state from charging sexual assault and lewdness as alternative counts. NRS 201.230(1) does *not* exclude "acts constituting sexual penetration" from its purview, as Koseck claims and the district court apparently concluded. It excludes "acts constituting the crime of sexual assault." As discussed, this language prevents the prosecution from obtaining convictions for both lewdness and sexual assault based on the same act, but not from charging both offenses in the alternative.

## CONCLUSION

We conclude that the district court erred in dismissing count II. We therefore reverse the district court's order and remand for further proceedings consistent with this opinion.

---

[2]At that time, the pertinent language of NRS 201.230(1) referred to "any lewd or lascivious act, other than acts constituting the crime of rape and the infamous crime against nature." *Martin,* 88 Nev. at 305 n.1, 496 P.2d at 755 n.1.