GREGG E. EBELING, Appellant, *v.* THE STATE OF
NEVADA, Respondent.

No. 38315

June 15, 2004                                                    91 P.3d 599

*Michael R. Specchio,* Public Defender, and *Cheryl D. Bond,*
Deputy Public Defender, Washoe County, for Appellant.

*Brian Sandoval,* Attorney General, Carson City; *Richard A.
Gammick,* District Attorney, and *Gary H. Hatlestad,* Deputy
District Attorney, Washoe County, for Respondent.

Before BECKER, AGOSTI and GIBBONS, JJ.

## OPINION

*Per Curiam:*

Appellant Gregg E. Ebeling was convicted of multiple counts arising from sexual acts involving five minor victims. Ebeling contends that his convictions for sexual assault and lewdness with a minor under the age of fourteen arising from one instance of anal penetration are redundant and the lewdness conviction must be reversed. Ebeling also asserts that only one conviction can result from a single act of indecent exposure regardless of the number of persons who viewed the act.[1]

We conclude that a defendant cannot be convicted of both sexual assault and lewdness with a minor under the age of fourteen when those convictions involve a single act. We also conclude that NRS 201.220 allows for only one charge of indecent exposure, regardless of the number of victims. Therefore, we vacate one conviction of lewdness with a minor under the age of fourteen and one conviction of indecent exposure. We remand this case to the district court for resentencing in accordance with this opinion.

### FACTS AND PROCEDURAL HISTORY

The State charged Gregg E. Ebeling with four counts of sexual assault, seven counts of lewdness with a child under fourteen, one

---

[1]Ebeling also raises the following issues on this appeal: (1) the district court erred in excluding his expert witness from testifying about the children's previous sexual knowledge and mental health problems, (2) the district court erred in denying Ebeling's motion to sever his charges, (3) there was insufficient evidence adduced at trial to sustain Ebeling's convictions, (4) the district court erred in failing to issue a jury instruction regarding Ebeling's failure to flee from his arrest, and (5) the State improperly appealed to the sympathy of the jury. We find these arguments to be without merit.

In addition, Ebeling contends that the State committed prosecutorial misconduct by improperly disparaging his defense tactic, improperly shifting the burden of proof, and improperly vouching for the children's credibility. We will not address these issues because Ebeling failed to object, and the instances were either not improper or do not rise to the level of plain error.

Finally, we conclude that even if the State misstated the evidence during its closing argument, it was harmless error.

count of attempted sexual assault, and three counts of indecent exposure. Following a lengthy jury trial, the jury convicted Ebeling on all fifteen charges. The district court sentenced Ebeling to eleven life sentences with the possibility of parole after eighty years.

### Redundant convictions

Before trial, the district court filed an order stating that Ebeling could not be convicted of both sexual assault and lewdness with a minor under the age of fourteen as alleged by the State in counts twelve and fourteen, because those charges are based on a single incident. The information alleged in count twelve that Ebeling committed sexual assault by engaging in anal intercourse with W.C. Count fourteen alleged that Ebeling committed lewdness with a minor under the age of fourteen by placing his penis on W.C.'s buttocks.

At trial, W.C. testified that Ebeling showered with him, and during that shower, Ebeling performed anal sex on him. W.C. also indicated that Ebeling's penis touched W.C.'s buttocks just before it penetrated his anus. Based on this testimony, the jury convicted Ebeling of sexual assault and lewdness with a minor under the age of fourteen as alleged in counts twelve and fourteen. Despite the pretrial order, the district court sentenced Ebeling to life in the Nevada State Prison with the possibility of parole after ten years for the lewdness with a minor under the age of fourteen conviction, and to life in the Nevada State prison with parole eligibility after twenty years for the sexual assault conviction.

### Multiple indecent exposure charges

The State alleged in the information that Ebeling indecently exposed himself to N.E. and F.P. at the Peppermill Hotel and Casino (Peppermill) located in Reno, Nevada. The allegations involved one act witnessed by both N.E. and F.P.

At trial, N.E. testified that around January 2000, a pipe broke at Ebeling's house. As a result, Ebeling, F.P., and N.E. spent the night at the Peppermill. F.P. and N.E. testified that while they were in their room at the Peppermill, Ebeling exposed his penis to them. The jury found Ebeling guilty of two counts of indecent exposure for this incident at the Peppermill. The district court sentenced Ebeling to twelve months in the Washoe County Jail for each indecent exposure conviction.

### DISCUSSION

Ebeling contends that the district court erred in sentencing him on both the sexual assault and lewdness with a minor under

the age of fourteen convictions involving the shower incident. We agree.

"When a defendant receives multiple convictions based on a single act, this court will reverse 'redundant convictions that do not comport with legislative intent.' "[2] "[M]ultiple convictions for lewdness and sexual assault based on the same act would not comport with legislative intent and would be unlawful . . . ."[3] The State argues that Ebeling's penis rubbing against W.C. is a separate act of lewdness and is distinct from Ebeling's insertion of his penis into W.C.'s anus. The testimony does not support such a conclusion. The record reflects the touching of the buttocks was incidental to the penetration, not a separate act.[4] We conclude the convictions for sexual assault and lewdness arising from this incident are redundant and count fourteen, Ebeling's lewdness with a minor conviction, should be reversed.

Ebeling also contends that the district court erred in sentencing him on two counts of indecent exposure for the simultaneous exposure of his penis to F.P. and N.E. at the Peppermill. We agree.

Whether NRS 201.220(1) permits multiple charges based on a single incident is an issue of first impression for this court. The United States Supreme Court has held that "[w]hether a particular course of conduct involves one or more distinct 'offenses' under the statute depends on" the legislative intent.[5] "The construction of a statute is a question of law subject to review de novo."[6] If a statute is unambiguous, we look to the statute's plain meaning.[7] "[A] court should normally presume that a legislature did not intend multiple punishments for the same offense absent a clear expression of legislative intent to the contrary . . . ."[8] Criminal statutes must be "strictly construed and resolved in favor of the defendant."[9]

---

[2]*State v. Koseck,* 113 Nev. 477, 479, 936 P.2d 836, 837 (1997) (quoting *Albitre v. State,* 103 Nev. 281, 283, 738 P.2d 1307, 1309 (1987)).

[3]*Id.* at 479, 936 P.2d at 838.

[4]*Crowley v. State,* 120 Nev. 30, 83 P.3d 282 (2004) (sexual assault and lewdness convictions for the same continuous act redundant).

[5]*Sanabria v. United States,* 437 U.S. 54, 70 (1978).

[6]*Diamond v. Swick,* 117 Nev. 671, 674, 28 P.3d 1087, 1089 (2001).

[7]*Id.* at 675, 28 P.3d at 1089.

[8]*Talancon v. State,* 102 Nev. 294, 300, 721 P.2d 764, 768 (1986).

[9]*Anderson v. State,* 95 Nev. 625, 629, 600 P.2d 241, 243 (1979); *see also City Council of Reno v. Reno Newspapers,* 105 Nev. 886, 894, 784 P.2d 974, 979 (1989).

Ebeling was convicted of two counts of indecent exposure for his act at the Peppermill pursuant to NRS 201.220(1).

NRS 201.220(1) provides:

> A person who makes any open and indecent or obscene exposure of his person, or of the person of another, is guilty:
>
> (a) For the first offense, of a gross misdemeanor.
>
> (b) For any subsequent offense, of a category D felony and shall be punished as provided in NRS 193.130.

In *Young v. State,* we held that "[a] conviction under . . . NRS 201.220 does not require proof of intent to offend an observer or even that the exposure was observed. It is sufficient that the public sexual conduct or exposure was intentional."[10]

NRS 201.220(1) provides a sanction for indecently exposing oneself. A violation of NRS 201.220(1) does not require that the indecent exposure be witnessed. Our holding in *Young* also establishes that NRS 201.220(1) does not require the defendant to intend to offend an observer. Since Ebeling committed only one act of indecent exposure, NRS 201.220(1) only provides for one charge of indecent exposure, regardless of the number of witnesses. Therefore, we conclude that the district court erred in sentencing Ebeling to two counts of indecent exposure for the single Peppermill exposure.

## CONCLUSION

We affirm Ebeling's judgment of conviction in part and reverse in part. We remand this matter to the district court to vacate one of Ebeling's indecent exposure convictions for his act at the Peppermill and to vacate his conviction for lewdness with a minor under the age of fourteen pertaining to W.C. and for resentencing consistent with this opinion. All remaining convictions are affirmed.

---

[10]109 Nev. 205, 215, 849 P.2d 336, 343 (1993) (citations omitted).