An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LISA DENISE WONG,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64602

**FILED**

SEP 1 8 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING IN PART

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder with the use of a deadly weapon, battery with a deadly weapon resulting in substantial bodily harm, assault with a deadly weapon, and burglary. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

First, appellant Lisa Denise Wong claims that the district court erred by allowing her "to be convicted of all the counts which had been presented as in the alternative throughout the trial." Wong asserts that, because the charges for attempted murder with the use of a deadly weapon, battery with a deadly weapon resulting in substantial bodily harm, and assault with a deadly weapon were pleaded in the alternative, the court allowed her to be convicted of a higher total aggregate set of offenses than she was charged with by allowing the jury to consider each count separately. She asserts that the district court should have discharged the jury and ordered the State to file a new indictment pursuant to the provisions in NRS 175.311. Wong also asserts that allowing her to be convicted of all charges that were pleaded in the alternative violated double jeopardy. We disagree.

14-31067

Because none of the offenses Wong was convicted of were higher than those charged in the information, NRS 175.311 is inapplicable. Additionally, it is not improper for the district court to submit all charges that are pleaded in the alternative to the jury for consideration. *See Jenkins v. Fourth Judicial Dist. Court*, 109 Nev. 337, 341, 849 P.2d 1055, 1057 (1993). Although it is impermissible to convict a defendant of offenses that are statutory alternatives, "multiple convictions and punishments for attempted murder, assault, and battery are statutorily authorized" and convictions for each of these offenses do not offend double jeopardy. *Jackson v. State*, 128 Nev. ___, ___, 291 P.3d 1274, 1282-83 (2012). Accordingly, we conclude that the district court did not err by entering the convictions for attempted murder with the use of a deadly weapon, battery with a deadly weapon resulting in substantial bodily harm, and assault with a deadly weapon.

Second, Wong claims that the district court erred by denying her motion for acquittal, in which Wong asserted that the State did not prove the common law trespassory element of burglary and she was wrongly convicted of burglarizing her own residence. We agree.

"[W]here there is insufficient evidence to support a conviction, the trial judge may set aside a jury verdict of guilty and enter a judgment of acquittal." *Evans v.* State, 112 Nev. 1172, 1193, 926 P.2d 265, 279 (1996); *see* NRS 175.381(2). When reviewing a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the prosecution and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). We have recently held that "a person

with an absolute unconditional right to enter a structure cannot burglarize that structure." *State v. White*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 56, July 10, 2014, at 9). The evidence presented at trial demonstrated that Wong worked in a brothel in exchange for room and board. Wong resided in one room but also had access to, and stored some of her possessions in, another room called the "cool room." Wong was convicted of burglary for entering the "cool room" with the intent to commit assault, battery, murder, or attempted murder. Because Wong resided in the building and the State did not prove that Wong's right to enter the "cool room" was conditional, we conclude that insufficient evidence supports the conviction for burglary. Therefore, we conclude the district court erred by denying the motion for acquittal and we reverse the burglary conviction.

Having concluded that Wong is only entitled to the relief granted herein, we

ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                 Cherry

cc:     Hon. Alvin R. Kacin, District Judge
        Elko County Public Defender
        Attorney General/Carson City
        Elko County District Attorney
        Elko County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A