An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

FORTINO SANCHEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60582

**FILED**

SEP 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER OF REVERSAL AND REMAND*

Appeal from a judgment of conviction, pursuant to a jury verdict, of 3 counts of lewdness with a child under 14 years of age and 1 count of sexual assault of a child under 14 years of age. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

### *FACTS AND PROCEDURAL HISTORY*

Appellant Fortino Sanchez is the uncle of John Villa, Sr. Sanchez regularly visited Villa and his family. Before one of Sanchez's visits, Villa's daughter E., then eight years old, told her mother Marcene that Sanchez should not come because he touched and rubbed her vagina on previous visits.[1] When E.'s half-sister M. heard E.'s accusations, M. became visibly upset. M. then alleged that Sanchez had molested her, ultimately stating that he caressed her genital area and French kissed her, when she was seven or eight years old—roughly ten years earlier.

---

[1]About two weeks after making her initial report, E. told Marcene that Sanchez stuck his finger inside of E.'s vagina.

14-31825

Subsequently, Sanchez was charged with 2 counts of lewdness with a child under 14 years of age based on M.'s allegations. Sanchez was also charged with 1 count of lewdness with a child under 14 years of age and 1 count of sexual assault with a child under 14 years of age as a result of E.'s allegations. Before his trial, Sanchez filed a motion to sever the counts related to E. from those related to M. The district court denied that motion, and the case against Sanchez proceeded to trial. After a five-day trial, Sanchez was convicted on all counts. This appeal followed.

## DISCUSSION

*Sanchez's motion to sever the counts for trial*

We review a district court's decision to join or sever charges for abuse of discretion. *Tabish v. State*, 119 Nev. 293, 302, 72 P.3d 584, 589-90 (2003). Joinder of independent charges in the same indictment or information is only permissible if the charges are based on the same act or transaction, are connected together, or constitute parts of a common scheme or plan. *See* NRS 173.115. Even when joinder is proper under NRS 173.115, a district court abuses its discretion by refusing to sever charges if that joinder would cause unfair prejudice to the defendant. NRS 174.165; *Weber v. State*, 121 Nev. 554, 571, 119 P.3d 107, 119 (2005). Nevertheless, misjoinder of charges by a district court warrants reversal only when the "joined charges had a substantial and injurious effect on the jury's verdict." *Weber*, 121 Nev. at 570-71, 119 P.3d at 119.

Sanchez argues that the district court committed reversible error because the joinder of charges violated NRS 173.115 and created unfair corroboration where E.'s and M.'s individual testimony lacked credibility. The State contends that NRS 173.115(2) was satisfied on two independent grounds because the charges were (1) part of a common

SUPREME COURT
OF
NEVADA

(O) 1947A

scheme or plan and (2) sufficiently "connected together." We now consider the State's arguments in that order.

*Common scheme or plan*

We have explained that "purposeful design is central to a scheme or plan," and that "in practice [either can] reflect some flexibility and variation but still fall within an overall intended design." *Weber*, 121 Nev. at 572, 119 P.3d at 120. That explanation is harmonious with our decision in *Mitchell v. State*, where we determined that two sexual assaults committed 45 days apart did not constitute a common scheme or plan despite being committed at the same location and in the same manner. 105 Nev. 735, 738, 782 P.2d 1340, 1342 (1989). In asserting the existence of a common scheme or plan, the State identifies multiple commonalities between the offenses related to E. and M. that underlie Sanchez's charges. However, as we have stated in another context, the existence of a common plan or scheme does not turn on commonalities among offenses but on whether those offenses tend to establish a preconceived plan. *Richmond v. State*, 118 Nev. 924, 933, 59 P.3d 1249, 1255 (2002).

Here, the State's argument cannot be reconciled with the 10-year gap between the alleged offenses. As the State concedes in different terms, short of being clairvoyant, Sanchez could not have explicitly planned an offense against E. before or during the alleged offenses related to M. because E. had not yet been born. Thus, the State presents a theory that Sanchez had a general plan to molest young girls in his family. In light of *Mitchell* and the temporal disconnect between the alleged offenses, we conclude that the State's assertions do not show the existence of a common plan or scheme.

*Connected together*

"[F]or two charged crimes to be 'connected together' under NRS 173.115(2), a court must determine that evidence of either crime would be admissible in a separate trial regarding the other crime." *Weber*, 121 Nev. at 573, 119 P.3d at 120. While "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith," such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." NRS 48.045(2). Additionally, before such evidence becomes admissible, the district court must first determine that the bad act is relevant to the crime charged, proven by clear and convincing evidence, and that the probative value of the act is not substantially outweighed by unfair prejudice. *Fields v. State*, 125 Nev. 785, 790, 220 P.3d 709, 713 (2009).

At issue here is whether each complaining witness's testimony would be admissible in a separate trial involving charges against the defendant related to the other complaining witness. In such a situation, testimony alleging lewd conduct or sexual assault by Sanchez would constitute evidence of bad acts and would, absent satisfying an exception, be inadmissible. *See* NRS 48.045(2).

We now address and reject the State's arguments that the bad-act evidence at issue would be admissible to prove Sanchez's lascivious intent and opportunity.[2] At the outset, we dismiss the State's

---

[2]The State also argues that the bad-act evidence would be admissible to complete the story of the crimes charged. We disagree. While we have admitted bad acts as "part of the res gestae" of a crime, those acts completed "the story of the crime charged by proving the

*continued on next page . . .*

lascivious intent argument because evidence showing that a defendant possesses a propensity for sexual aberration is irrelevant to that defendant's intent. *See Braunstein v. State,* 118 Nev. 68, 73, 40 P.3d 413, 417 (2002). Similarly, we reject the State's attempt to couch a propensity argument in the semblance of NRS 48.045(2)'s opportunity exception through its assertion that Sanchez created opportunities to engage in sexual misconduct.[3] Even assuming an exception was satisfied, the potential for unfair prejudice would likely prevent the bad-act evidence from being admissible. *See Fields,* 125 Nev. at 790, 220 P.3d at 713. Thus, each complaining witness's testimony was not cross-admissible and the offenses related to E. and M. were not "connected together" under NRS 173.115(2).

Based on the foregoing analysis, the district court abused its discretion by denying Sanchez's motion to sever because NRS 173.115 required the charges against Sanchez related to E. to be brought in a separate trial from those related to M. Having found misjoinder, we must

_____

*. . . continued*

*immediate* context of happenings *near in time* and place." *See Allan v. State,* 92 Nev. 318, 320, 549 P.2d 1402, 1403 (1976) (emphasis added). Because the bad acts allegedly committed by Sanchez against M. and E. occurred ten years apart, those acts are not near in time and therefore are irrelevant to proving the immediate context of the crimes alleged.

[3]We also reject the State's asserted absence of mistake and plan exceptions under NRS 48.045(2). Sanchez denied all charges and raised no theory of mistake, making evidence for that purpose irrelevant. As our analysis under NRS 173.115 explained, we are also unconvinced that either complaining witness's testimony could support the plan exception. *See Richmond,* 118 Nev. at 933, 59 P.3d at 1255.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

determine whether that abuse of discretion had a substantial and injurious effect on the jury's verdict and warrants reversal of Sanchez's convictions.

*Substantial and injurious effect on the jury's verdict*

In Sanchez's trial, each complaining witness's testimony corroborated the other's testimony where no other corroborating evidence existed. Had the cases been properly severed, the jury would have had to rely solely on each complaining witness's testimony. Although testimony of a sexual assault victim alone is sufficient to uphold a conviction, *LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992), it is unclear here whether the jury would have convicted Sanchez for each count absent the corroboration of the second complaining witness's testimony. Moreover, it is unclear whether the defense's attacks on each complaining witness's credibility would have been unsuccessful absent the corroboration of the second complaining witness.

Given these concerns and the closeness of the case against Sanchez, we are convinced that the misjoinder of the charges related to E. and M. had a substantial and injurious effect on the jury's verdict. *See Tabish*, 119 Nev. at 305, 72 P.3d at 591-92 (explaining that prejudice created by a district court's failure to sever "charges is more likely to warrant reversal in a close case because it may 'prevent the jury from making a reliable judgment about guilt or innocence.'" (internal quotation omitted)). For this reason, we reverse Sanchez's convictions and remand the case to the district court to conduct two separate, new trials.

*Redundancy*

We next consider Sanchez's argument that his two lewdness convictions pertaining to M. violated double jeopardy and redundancy principles because the touching and French kiss occurred during a single course of sexual conduct. While we disagree with Sanchez's double jeopardy argument,[4] we conclude that his redundancy argument has merit.

We review a redundancy challenge to multiple convictions for an argued single offense de novo. *Jackson v. State*, 128 Nev. ___, ___, 291 P.3d 1274, 1277 (2012). "When a defendant receives multiple convictions based on a single act, this court will reverse redundant convictions that do not comport with legislative intent." *State v. Koseck*, 113 Nev. 477, 479, 936 P.2d 836, 837 (1997) (internal quotations omitted). To analyze a redundancy claim, it is necessary to determine a criminal statute's "unit of prosecution," which "presents an issue of statutory interpretation and substantive law." *Jackson*, 128 Nev. at ___, 291 P.3d at 1283 (internal quotations omitted). Accordingly, as a threshold matter, we must decide what the appropriate unit of prosecution is under NRS 201.230.

---

[4]We reject Sanchez's double jeopardy arguments because the clause is inapplicable to the case at hand. *See Jackson v. State*, 128 Nev. ___, ___, 291 P.3d 1274, 1278 (2012) (stating that "[t]he Double Jeopardy Clause protects against three abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense"). Because the statement "multiple punishments for the same offense" refers to instances where two or more statutory provisions proscribe the same offense or illegal act, no viable double jeopardy concerns are raised in Sanchez's appeal. *See id.*

NRS 201.230(1) states:

> A person who willfully and lewdly commits any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child, is guilty of lewdness with a child.

The plain language of NRS 201.230(1) demonstrates that the unit of prosecution is a lewd or lascivious act upon or with any body part of a child under 14 years old with the specified intent. *See Sheriff v. Witzenburg*, 122 Nev. 1056, 1061, 145 P.3d 1002, 1005 (2006) (acknowledging that when a statute is clear the court will not look beyond the statute's plain language). We have explained that this language, like its counterpart for sexual assault,[5] allows multiple convictions for a single incident with distinct lewd acts. *See generally Townsend v. State*, 103 Nev. 113, 734 P.2d 705 (1987).

In *Townsend*, we upheld one conviction of lewdness with a child and one conviction of sexual assault where a defendant fondled a child's breasts, rubbed lubricant over, in, and around the victim's vaginal opening, and digitally penetrated the child's vagina. 103 Nev. at 120-21, 734 P.2d at 709-10. We determined that fondling the child's breasts was a

---

[5]*See Gaxiola v. State*, 121 Nev. 638, 651, 119 P.3d 1225, 1234 (2005) (stating that "separate and distinct acts of sexual assault may be charged as separate counts and result in separate convictions 'even though the acts were the result of a single encounter and all occurred within a relatively short time'" (internal quotation omitted)); *see also* NRS 200.366(1) (identifying the unit of prosecution as a sexual penetration).

distinct act of lewdness because the defendant stopped that activity before proceeding further. *Id.* at 121, 734 P.2d at 710. But we concluded that the distinction between the defendant's lubrication of the victim's vagina and the defendant's subsequent digital penetration was hyper-technical and could not support a second conviction for sexual assault. *Id.*

In *Crowley v. State*, however, we concluded that the defendant committed no acts of lewdness and one act of sexual assault where he rubbed the victim's penis on the outside of the victim's pants, reached his hand inside the victim's underwear and touched the victim's penis, and then removed the victim's pants to engage in fellatio. 120 Nev. 30, 34, 83 P.3d 282, 285-86 (2004). We explained that Crowley's conduct constituted only one act of sexual assault because it was uninterrupted and the acts of rubbing and touching the victim's penis were preludes to the fellatio. *Id.*; *see also Ebeling v. State*, 120 Nev. 401, 403-04, 91 P.3d 599, 601 (2004) (holding that a conviction for lewdness where the defendant's penis rubbed against the victim's buttocks was redundant where the defendant was convicted of sexual assault for inserting his penis into the victim's anus because the touching was incidental to the penetration and not a separate act).

Here, Sanchez was convicted of two acts of lewdness: the touching of M.'s genital area and the French kiss. The basis of these convictions was M.'s testimony that while she was lying next to Sanchez in a spoon position, Sanchez put one of his hands under her shirt and caressed her stomach, slid that hand down her pants and touched her around her genital area, and then used his other hand to squeeze her mouth open and French kissed her. The actions Sanchez allegedly committed are closer to the conduct at issue in *Crowley* than that in

*Townsend.* Unlike the defendant in *Townsend* who stopped fondling his victim's breasts to apply lubricant in preparation for digital penetration, the touching and kissing Sanchez allegedly engaged in contained no meaningful break in conduct. This characterization comports with M.'s testimony that the encounter was one uninterrupted incident. We therefore conclude that the conduct alleged here constituted a single unit of prosecution under NRS 201.230. Accordingly, on remand, the district court must permit only one count of lewdness against Sanchez in the trial based on M.'s allegations.

*Cross-examination*

Lastly, we address Sanchez's argument that the district court abused its discretion by limiting his cross-examination of M. regarding her drug use. Sanchez claims that M.'s regular drug use was relevant to her credibility and the quality of her recollection and perception, and that the district court's limitation deprived him of his right to present a full defense. We agree.

M.'s testimony regarding her drug use is relevant to Sanchez's defense theories implicating M.'s competency, general credibility, and potential ulterior motives. *See* NRS 48.015; NRS 48.025; NRS 50.015. Although a district court has "wide discretion to control cross-examination that attacks a witness's general credibility, . . . [when examining a witness's bias or motive,] '[t]he only proper restriction should be those inquiries which are repetitive, irrelevant, vague, speculative, or designed merely to harass, annoy or humiliate the witness.'" *Lobato v. State,* 120 Nev. 512, 520, 96 P.3d 765, 771 (2004) (third alteration in original) (quoting *Bushnell v. State,* 95 Nev. 570, 573, 599 P.2d 1038, 1040 (1979)). Given the relevance and magnitude of M.'s competency and credibility in the original case and its increased importance on remand for Sanchez's

new trial related to her allegations, we conclude that the district court abused its discretion. Accordingly, on remand, the district court must allow Sanchez to cross-examine M. regarding her drug use.

We therefore ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Valerie Adair, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk