An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES WATSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64404

**FILED**

OCT 15 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of six counts of child abuse, neglect, or endangerment. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

First, appellant Charles Watson contends that the district court erred by denying his proposed jury instruction regarding the furnishing of alcohol to minors as it was a lesser-included offense to child abuse, neglect, or endangerment, as charged, and was consistent with his theory of defense. A defendant is entitled to a jury instruction on his theory of the case if some evidence supports it, *Rosas v. State*, 122 Nev. 1258, 1262, 147 P.3d 1101, 1104 (2006), but he is not entitled to instructions that are misleading or inaccurate, *Crawford v. State*, 121 Nev. 744, 754, 121 P.3d 582, 589 (2005), and a request for a lesser-included offense instruction is conditioned on that offense being necessarily included in the charged offense, *Rosas*, 122 Nev. at 1263, 147 P.3d at 1105. Because furnishing alcohol to minors is not a lesser-included offense of child abuse, neglect, or endangerment, *compare* NRS 202.055(1) *with* NRS 200.508(1); *see also Smith v. State*, 120 Nev. 944, 946, 102 P.3d 569, 571 (2004) (defining lesser-included offense), and the instruction was misleading as it would incorrectly suggest that the jury could find Watson

14-34304

guilty of furnishing alcohol to minors, we conclude that the district court did not abuse its discretion by denying the proposed instruction, *see Ouanbengboune v. State*, 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009).

Watson further contends that the district court erred by failing to instruct the jury that it was not a crime for Watson to give the minors alcohol because he was their guardian. From the record, it does not appear that Watson proposed such a jury instruction. *See Bonacci v. State*, 96 Nev. 894, 899, 620 P.2d 1244, 1247 (1980) (holding that the failure to request an instruction precludes appellate consideration unless there is plain error); *see also Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) ("In conducting plain error review, we must examine whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights." (internal quotation marks omitted)).

In discussing jury instructions, the district court stated:

> I agree with the discussion we had in chambers where [defense counsel] was saying in closing I would like to be able to argue that since is [sic] he doesn't fall within the ambient [sic] of that statute, I can make the argument that there is no law that's given to the jury that says a parent who gives alcohol to their child is per se guilty of child abuse and neglect. I agree with that. The State still has to meet all of the elements of their child abuse charge.

At closing, Watson's counsel argued: "I can tell you and the judge will correct me if I mislead you, it is not illegal, per se, for a parent or guardian to provide alcohol to a child. It's not." As Watson did not propose an instruction but the jury was informed by defense counsel that it was not per se illegal for a guardian to provide alcohol to a minor, we conclude that

SUPREME COURT
OF
NEVADA

(O) 1947A

the district court's failure to sua sponte give the instruction was not plain error.[1]

Lastly, Watson claims that counts four through six, all relating to one victim, and counts eight and nine, both relating to another victim, should merge because of the State's theory of liability and the nature of proof. Watson claims that child abuse, through the means of providing excessive alcohol, is a single act under the unit-of-prosecution doctrine affirmed in *Jackson v. State*, 128 Nev. ___, 291 P.3d 1274 (2012), and cannot be multiplied by the drink or by the drunken episode. We review a redundancy challenge to multiple convictions for an argued single offense de novo. *Id.* at ___, 291 P.3d at 1277. "When a defendant receives multiple convictions based on a single act, this court will reverse redundant convictions that do not comport with legislative intent." *State v. Koseck*, 113 Nev. 477, 479, 936 P.2d 836, 837 (1997) (internal quotation marks omitted). The plain language of the statute demonstrates that the unit of prosecution is causing a child to suffer unjustifiable physical pain or mental suffering or placing a child in a situation where the child may suffer physical pain or mental suffering. We are unconvinced by Watson's

---

[1]To the extent that Watson argues that the district court erred by denying his special verdict form that separated child abuse, neglect, or endangerment into the two theories alleged by the State and therefore violated his right to a unanimous verdict, we conclude that the district court did not abuse its discretion by refusing the special verdict form. *See Richardson v. United States*, 526 U.S. 813, 817 (1999) (concluding that unanimity in the theory supporting an element of a crime is not necessary, as long as all jurors find that the element was proved beyond a reasonable doubt); *Anderson v. State*, 121 Nev. 511, 515, 118 P.3d 184, 186 (2005) (holding that the jury does not need to be unanimous on a particular theory of culpability to sustain a conviction for a single offense).

argument that his culpability stems from a single, continuing incident of providing excessive alcohol. The victim for counts four to six testified about multiple occasions in the months he lived with his foster parent and Watson where Watson provided him with alcohol, marijuana, or both. As to the victim for counts eight and nine, evidence was presented that Watson gave him money for marijuana and alcohol approximately once a week during the time he lived with his foster parent and Watson. We conclude that these separate occasions do not constitute a single incident of child abuse, neglect or endangerment and the district court did not err by rejecting Watson's merger argument.

Having considered Watson's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[2]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.          _____Saitta_____, J.
Parraguirre                                        Saitta

---

[2]The fast track statement fails to comply with NRAP 32(a)(4) because it is not double-spaced. The fast track response fails to comply with NRAP 32(a)(5) because the footnotes are not in the same size font as the body of the brief. Counsel for both parties are cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).

cc: Hon. Douglas W. Herndon, District Judge
Gary A. Modafferi
Turco & Draskovich
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk