# REPORTS OF CASES

## DETERMINED IN

# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

## JANUARY TERM, 1906.

[No. 1679.]

THE STATE OF NEVADA, RESPONDENT, *v.* PAUL LOVELACE, APPELLANT.

BURGLARY—SUFFICIENCY OF INDICTMENT—LANGUAGE THEREOF.

1. "The said Paul Lovelace did in the night time of the 11th day of May, 1904, or in the night time of some day thereabouts, to the said 11th day of May, 1904, enter," etc., would sufficiently comply with the statute to constitute the charge of burglary. The authorities show that courts should give a liberal interpretation of indictments to uphold the same rather than a rigid interpretation.

2. That the mere grammatical, punctuational (if verbal "free coinage" may be here allowed), rhetorical or linguistic error does not always vitiate, is fully sustained by decisions of courts and text-writers.

APPEAL from the District Court of the Fourth Judicial District of the State of Nevada, Elko County; *George S. Brown*, Judge.

Paul Lovelace was convicted of the crime of burglary, and he appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*William Woodburn*, for Appellant:

I. The indictment is not good at common law. The time of the commission of the crime charged in the indictment is in the following words: "The said Paul Lovelace on the 11th day of May, 1904, in the night time of said day, or thereabouts, in the County of Elko, State of Nevada, without authority of law and before the finding of this indictment, did wilfully, unlawfully and burglariously break and enter the building of one Alexander Burrell." Appellant claims that this indictment is not good at common law because the words "or thereabouts" relate to and qualify the words "night time." If the words "or thereabouts" had been inserted after the words "on the 11th day of May, 1904," the indictment could not be the subject of criticism or assault. If the indictment read that on the 11th day of May, 1904, in the night time, or thereabouts, of said day, the fair construction is that the burglary may be committed near or about the night time, which would make the indictment fatally defective. The offense of burglary must be committed in the night time, and not near or about the night time, and should be alleged with certainty. The night time consists of the period from the termination of daylight to the earliest dawn of the morning. (Whart. Crim. Law, 8th ed. 807; *State* v. *Bancroft*, 10 N. H. 105.) Burglary in the night time does not include burglary in the daytime. (*State* v. *Behee*, 17 Kan. 402; *State* v. *Alexander*, 56 Mo. 131; *Williams* v. *State*, 46 Ga. 212.) If language employed in charging part of indictment be capable of two interpretations the indictment is bad. (*People* v. *Williams*, 36 Cal. 671.) The words "or thereabouts" cannot be rejected as surplusage. (*People* v. *Myers*, 20 Cal. 76.)

II. On the trial of appellant the deposition of one Ross, taken at the preliminary examination, was read in evidence, because he broke jail and escaped before the trial and his presence could not be procured. He testified that he and appellant entered the store of Alexander Burrell on the day named in the indictment, stole a lot of amalgam of the value of about $2,400, and buried it a short distance from the scene of the crime. Appellant claims there was no testi-

mony corroborative of that of Ross, and that a conviction could not be had. (Sec. 4330, Comp. Laws.)

*James G. Sweeney*, Attorney-General, and *Charles B. Henderson*, for Respondent:

I. Section 4206 of the Compiled Laws of Nevada (Section 241 of Criminal Practice Act) says: "The words used in an indictment shall be construed in the usual acceptance in common language, except such words and phrases as are defined by law, which are to be construed according to their legal meaning." As the words "or thereabouts" are not defined by law, we must therefore construe them in their usual acceptance in common language. It is manifest that the intention of the pleader was to charge the forcible breaking and entering in the night time of the 11th day of May, 1904, and that is what any person of common understanding would construe it to mean, but counsel for appellant contends that, under a strict grammatical analysis, it means that defendant forcibly broke and entered the building in the night time "or thereabouts." In order to reach this construction, he reads the indictment as if the words "or thereabouts" immediately followed the words "night time" instead of the words "said day," when the words "or hereabouts," taken in their usual acceptance in common language, related to the "11th day of May, 1904," and not to any particular hour or part of that day, for, had the evidence shown that the forcible breaking and entering was on the 9th day of May, 1904, the indictment would still have been good, because it would have still been in the night time of said day.

II. The most that can be said against the use of these in the indictment and in the place that they are is that it makes the language of the indictment rather awkward, but the criticism that would deprive it of any meaning whatever or of such a meaning as to wholly destroy the indictment is too broad. It is a more reasonable construction to simply reject the words "or thereabouts" as wholly unnecessary to its sense, or construe them as relating to the 11th day of May, 1904. There is nothing to perplex one of ordinary understanding, nor to injure this appellant. If error at all,

it is harmless error, and can be treated as mere surplusage, for this appellant could not have been prejudiced at all.

By the Court, FITZGERALD, C. J.:

Defendant appeals from a judgment rendered against him in the district court in and for Elko County for the crime of burglary; and he assigns two reasons why, as he claims, the judgment should be reversed:

First, the insufficiency of the indictment on which the judgment was based; and

Second, the absence of corroboration of the testimony of an accomplice who testified against the defendant.

Under the first head the point made is on the proper interpretation of the following clause in the indictment: "The said Paul Lovelace on *the 11th day of May, 1904, in the night time of said day, or thereabouts*, in the County of Elko, State of Nevada, without authority of law, and before the finding of this indictment, did wilfully, unlawfully, and burglariously break and enter the building of one Alexander Burrell."

Counsel for defendant in *his* or *their* brief, if an *unsigned* paper in the usual form of a brief found among the papers in the case as they appear filed in this court is by us treated as a brief, say:

"Appellant claims that this indictment is not good at common law because the words 'or thereabouts' relate to and qualify the words 'night time.'" This question was not raised in the court below, but is here presented for the first time. The question is not whether this indictment would be good "at common law." It is whether it is good under the statute of Nevada that governs the subject. The subject is governed by the sections following concerning indictments:

Section 4199, Comp. Laws, provides that the indictment shall contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

Section 4206, Comp. Laws, has the following: "The words used in an indictment shall be construed in the usual

acceptance in common language, except such words and phrases as are defined by law, which are to be construed according to their legal meaning."

Section 4208, Comp. Laws, provides: "Sixth — That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

Section 4209 is as follows: "No indictment shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matters of form which shall not tend to the prejudice of the defendant."

The foregoing enactments show that it was the intention of the Legislature of Nevada that in construing indictments the courts should not indulge in a too exact and over-nice view of language; but that certainty to a common intent was all that should be required.

True, in the paragraph of the indictment under discussion there is something of a departure from the best models of grammatical, rhetorical, or linguistic expression. But we think the paragraph meets the requirement of the statute that "the acts constituting the offense should be charged in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." To hold the indictment not fatally bad is, we think, to keep within the statutory command, as expressed above in Section 4206, or at least not to depart too far from such command, to wit, to construe "in the usual acceptance in common language."

We think the defect of the indictment complained of was such as in the language of Section 4209, above quoted, was a *"defect or imperfection in matters of form, which did not tend to the prejudice of the defendant."*

The language of the indictment could doubtless be made more accurate; but we think it is not fatally defective. In the brief of counsel for defendant the following correction is offered:

"If the words 'or thereabouts' had been inserted after the

words 'on the 11th day of May, 1904,' the indictment could not be the subject of criticism or assault."

Perhaps the following phraseology might be considered an improvement on the phraseology of the indictment: "The said Paul Lovelace did *in the night time* of the 11th day of May, 1904, or in the night time of some day thereabouts, to the said 11th day of May, 1904, enter," etc.

"Said Paul Lovelace did, in the night time, on or about the 11th day of May, 1904, * * * enter," etc., * * * might perhaps be considered a still better collocation of words, although this is something of a departure from the form suggested in the statute concerning the form of indictments.

That mere grammatical, *punctuational* (if verbal "free coinage" may be here allowed), rhetorical, or linguistic error does not always vitiate, is fully sustained by decisions of courts and text-writers. The following notably excellent authority is cited to sustain this doctrine: Cyclopedia of Law and Procedure (Cyc.) vol. 6, p. 199, and authorities there mentioned.

While this indictment in the respect mentioned is in truth inartistically drawn, yet, under the statutes and the authorities above stated, we cannot say that it is fatally defective. The sections of the statute above quoted show the legislative intent was that the courts of the state should give interpretations liberal to sustain rather than rigid to overthrow indictments, when, as in this case, substantial rights of defendants are not thereby prejudiced; and, as we have from the authority mentioned seen, even under the common law to overthrow this indictment would seem too rigid an interpretation.

Under the second head the error claimed is stated in the brief of counsel for defendant, as follows:

"On the trial of appellant the deposition of one Ross taken at the preliminary examination was read in evidence, because he broke jail and escaped before the trial, and his presence could not be procured.

"He testified that he and appellant entered the store of Alexander Burrell on the day named in the indictment, stole a lot of amalgam of the value of about $2,400, and buried it

a short distance from the scene of the crime. Appellant claims there was no testimony corroborative of that of Ross, and that a conviction could not be had."

In this contention counsel is, we think, clearly mistaken. Besides minor points of corroboration not necessary to mention here, the testimony of the witness W. J. Davidson corroborates the testimony of the accomplice, Ross. Davidson testifies that defendant requested him (Davidson) "to help him rob the store at Edgemont"; that is the store that was robbed. Davidson further testifies that the defendant "told me he would have got the amalgam if something had not happened"; the amalgam was the article stolen in the robbery. Davidson further testifies that defendant was trying to dispose of the amalgam, the thing stolen; and asked Davidson this question: "What am I going to do about that damned stuff?"

If this testimony was true, and its truth was a question entirely for the jury, there was corroboration of the testimony of the accomplice, Ross.

Defendant fails in sustaining either of his two points urged in argument for reversal of the judgment.

The judgment is therefore affirmed.