[No. 1765]

## THE STATE OF NEVADA, RESPONDENT, *v.* WILLIAM NIBLETT, APPELLANT.

1. INDIANS—SELLING LIQUOR TO INDIANS—EVIDENCE.

Evidence, on a prosecution for selling liquor to an Indian, not a ward of the United States, in violation of the statute, *held* sufficient to show the person to whom the sale was made was an Indian, and, conceding that it was necessary for the state to show it, that she was not a ward of the United States.

2. INDIANS—SELLING LIQUOR TO INDIANS—INDICTMENT.

An indictment for violation of the statute making it an offense to sell liquor to an Indian within the state, averring that "defendant in the town of Tonopah, Nye County, Nevada," sold liquor to an Indian, is sufficient without specific averment that the Indian was at the time within the state; Comp. Laws, 4208, declaring an indictment sufficient if the act charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, in such a manner as to enable a person of common understanding to know what is intended, warranting the reading of the quoted words to apply to the entire transaction constituting, or necessary to constitute, the offense.

APPEAL from the District Court of the Fifth Judicial District of the State of Nevada, Nye County; *J. P. O'Brien*, Judge.

William Niblett appeals from a conviction. **Affirmed.**

The facts sufficiently appear in the opinion.

*J. H. Morris* and *H. H. Atkinson*, for Appellant:

I.   What has Mary Kawich done to throw off the guardianship that the government naturally exercised over her? How has it been shown that she was not a ward of the government? So long as tribal organization is recognized by the United States government, it continues to be a tribe, and the Indians are wards of the government, even though a majority of them leave the organization. (2 Cyc. 119, par. d.) A tribe may cease to exist by a complete withdrawal of its members from tribal relations, but the withdrawal of even a majority of the tribe will not terminate the organization.

II.   The indictment in this case does not state that the defendant sold or otherwise disposed of intoxicating liquor to an Indian within the state. The words of the indictment are as follows: "The said William Niblett, in the town of Tono-

pah, County of Nye, State of Nevada, on the 18th day of February, 1908, did unlawfully sell whisky to a certain Indian named Mary Kawich," etc. Where is the allegation that the alleged Indian was at the time of the sale, or at any other time, within the state? There is no such allegation. The indictment alleges that the liquor was sold within this state to an Indian named Mary Kawich. It is impossible to deduce or to presume from this statement that the alleged Indian, Mary Kawich, was within this state when the liquor was sold to her. And presumption or doubt must be made or given to the defendant. We repeat that there is no allegation in the complaint that the Indian, at the time the alleged sale, barter or gift was made by William Niblett in the town of Tonopah, Nye County, Nevada, was within the state.

III. Section 4208, subdivision 4, of the Compiled Laws of Nevada provides, that the indictment must show that the alleged offense was committed within the jurisdiction of the court. For the above reason, we hold that the indictment in this case fails completely to show this important fact. Therefore the court had no jurisdiction over the subject of indictment and had no right to pass judgment on the defendant.

*R. C. Stoddard*, Attorney-General, for Respondent:

I. There is nothing in the record to dispute the position of the state that Mary Kawich was not a ward of the government of the United States. All the evidence shows that she was not, and from the record we cannot see how any determination can be reached except that she was not a ward of the government of the United States.

By the Court, NORCROSS, C. J.:

Appellant was convicted upon the following indictment: "The above-named defendant, William Niblett, is accused by the grand jury of the Fifth Judicial District Court of the State of Nevada, in and for the County of Nye, of a felony, to wit, the crime of disposing of intoxicating liquor to an Indian, who was then and there not a ward of the government of the United States, committed as follows: The said William Niblett in the town of Tonopah, Nye County, Nevada,

on the 18th day of February, A. D. 1908, or thereabouts, and before the finding of this indictment, did unlawfully and feloniously sell, barter, give, or dispose of a quantity of intoxicating liquor, viz., whisky, to a certain Indian named Mary Kawich, she, the said Mary Kawich, then and there not being a ward of the government of the United States. All of which is contrary to the form, force, and effect of the statute," etc.

From the judgment, and an order denying his motion for a new trial, defendant appeals.

The indictment in this case was based upon the provisions of that certain act of the legislature of this state entitled "An act to prohibit the disposal of intoxicating liquors, drugs, or other intoxicating substances to Indians" (Stats. 1903, p. 49, c. 30), section 1 of which act reads as follows: "Section 1. After the passage of this act it shall be unlawful for any person to sell, barter, give or in any manner dispose of any ardent, spirituous or malt liquors, or any intoxicating liquors, liquids, drug or substance, whatsoever, to any Indian within this state, and any such person or persons so unlawfully disposing of such intoxicants, within this state, to an Indian who is not a ward of the government of the United States shall be deemed guilty of a felony, and upon due conviction thereof, before any court of competent jurisdiction, shall be fined in any sum not less than five hundred dollars, nor more than one thousand dollars, or be imprisoned in the state prison of the State of Nevada for a term not less than one year nor more than five years, or by both such fine and imprisonment, in the discretion of the court."

It is contended upon the part of appellant that the evidence was insufficient to support the verdict, in that it failed to establish either the fact that the person Mary Kawich was an Indian, or that she was not a ward of the government of the United States. The evidence showed at the time of the trial that the said Mary Kawich was dead. One Mike Clifford testified that he was a brother of the deceased Mary Kawich; that they had the same mother and father; that she was a Shoshone Indian; that she was not born on, and did not live on, a reservation; that the Shoshones, her tribe, did not have a reservation; that she never received from the government

any allotment of land; that the government did not exercise any superintendence, guardianship, or wardship over her; that she went from place to place in the state as she felt like; that she was born in this state, and lived all her life here. We think this testimony was sufficient to warrant the jury in concluding that the person Mary Kawich was an Indian within the purview of the statute in question. Conceding, without deciding, that it was incumbent upon the state to establish the fact that the said Mary Kawich was not a ward of the government of the United States, we think the evidence in this case, standing as it does without contradiction, was sufficient upon the point in question. (*State* v. *Howard,* 33 Wash. 250, 254, 74 Pac. 382.)

It is contended that the indictment fails to charge a public offense, because it does not allege that the Indian Mary Kawich was, at the time of the sale and disposal of the liquor to her by defendant, within this state. It may be conceded that the indictment could have been more specific in this regard, but we think it cannot be said that it is so deficient that a person of common understanding could fail to know what was intended. (Comp. Laws, 4208; *State* v. *Lovelace,* 29 Nev. 47.) We think the rule of law governing the interpretation of indictments as declared by this court warrants the reading of the words "in the town of Tonopah, Nye County, Nevada," to apply to the entire transaction constituting, or necessary to constitute, the offense. It would require a stretch of the imagination, we think, for one to conclude that possibly the indictment did not mean to allege that the Indian Mary Kawich was not at the place where the other alleged acts occurred.

In considering an indictment which, we think, was fully as objectionable as the one at bar, this court, by Fitzgerald, C. J., in *State* v. *Lovelace, supra,* said: "The sections of the statute above quoted show the legislative intent was that the courts of the state should give interpretations liberal to sustain, rather than rigid to overthrow, indictments, when, as in this case, substantial rights of defendants are not thereby prejudiced," etc.

The record contains some additional assignments of error,

but we think they are not sufficiently meritorious to require further notice.

The judgment is affirmed.