An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LUIS PIMENTEL,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
CAROLYN ELLSWORTH, DISTRICT
JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 66304

**FILED**

SEP 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malone
DEPUTY CLERK

*ORDER GRANTING PETITION IN PART*

This original petition for a writ of mandamus or prohibition challenges an order of the district court denying petitioner's pretrial petition for a writ of habeas corpus. Petitioner challenges the sufficiency of the information with respect to the State's challenge-to-fight theory of first-degree murder.[1]

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or to control an arbitrary or capricious exercise of

---

[1]Petitioner also argues that the proscription in NRS 200.450 is not a theory of first-degree murder and there was not sufficient probable cause to support this theory of first-degree murder. The former claim is clearly belied by the plain language of NRS 200.450(3) and the latter is not an appropriate ground for relief. *See Kussman v. Eighth Judicial Dist. Court,* 96 Nev. 544, 545-46, 612 P.2d 679, 680 (1980).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31774

discretion.[2] *See Round Hill Gen. Improvement Dist. v. Newman,* 97 Nev. 601, 603–04, 637 P.2d 534, 536 (1981). "The State is required to give adequate notice to the accused of the various theories of prosecution." *State v. Eighth Judicial Dist. Court (Taylor),* 116 Nev. 374, 377, 997 P.2d 126, 129 (2000) (citing *Alford v. State,* 111 Nev. 1409, 906 P.2d 714 (1995)). The information "standing alone must contain the elements of the offense intended to be charged and must be sufficient to apprise the accused of the nature of the offense so that he may adequately prepare a defense." *Laney v. State,* 86 Nev. 173, 178, 466 P.2d 666, 669 (1970); *see also* NRS 173.075(1); NRS 173.085; *Simpson v. Eighth Judicial Dist. Court,* 88 Nev. 654, 659, 503 P.2d 1225, 1229 (1972).

Petitioner argues that the language in the information alleging that he committed murder by "shooting at and/or into the body" of the victim "after challenging [the victim] to a fight" was not sufficient to adequately inform him of the State's challenge-to-fight theory of first-degree murder under NRS 200.450. We agree. In order to be found guilty of murder in the first degree under a challenge-to-fight theory, the State must prove that (1) petitioner and another person came to previous concert and agreement to fight, (2) petitioner gave or sent a challenge to fight to that other person or authorized any other person to give or send the challenge, (3) a fight actually ensued, (4) and a person died as a result of that fight. *See* NRS 200.450; *see also The American Heritage Dictionary of the English Language* 656 (5th ed. 2011) (defining fight as "[a]

---

[2]We focus on Pimentel's request for a writ of mandamus as he has not asserted a claim that challenges the district court's jurisdiction. *See* NRS 34.320 (providing that writ of prohibition is available to halt proceedings occurring in excess of a court's jurisdiction).

confrontation between opposing groups in which *each attempts to harm or gain power over the other,* as with bodily force or weapons" (emphasis added)). The charge contained in the information in this case does not (1) allege that petitioner entered into an agreement to fight, (2) identify the other party to that agreement, (3) allege that a fight actually resulted from petitioner's challenge to the victim, (4) or allege that the victim's death was a result of such a fight. We conclude that the district court manifestly abused its discretion by finding the information to be sufficient and denying petitioner's pretrial petition because the challenged theory of first-degree murder is not sufficiently plain, concise, and definite to apprise the petitioner of the nature of the offense and therefore amounts to surplusage. Accordingly, we

ORDER the petition GRANTED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to strike the language "and/or after challenging ROBERT HOLLAND to a fight" from the information.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                              Cherry

cc:   Hon. Carolyn Ellsworth, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk