# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMISON AHEARN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66123

FILED

MAR 18 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of multiple transactions involving fraud or deceit in course of enterprise or occupation and racketeering. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

First, appellant Jamison Ahearn argues that the indictment failed to provide specific factual allegations to place him on notice of the charges against him. He argues further that the racketeering count was deficient for failing to list predicate crimes and their elements. To provide a defendant with an opportunity to prepare an adequate defense, a charging instrument must provide adequate notice to the accused of the prosecution's theories by stating the essential facts constituting the offense in ordinary and concise language. NRS 173.075(1); *Viray v. State*, 121 Nev. 159, 162, 111 P.3d 1079, 1081-82 (2005). Its sufficiency will be determined by practical and not technical standards. *Laney v. State*, 86 Nev. 173, 178, 466 P.2d 666, 669 (1970). When the indictment is first challenged after all the evidence has been presented, as here, a reduced standard of review will be applied, and any defect will be disregarded unless it affected Ahearn's substantial rights by impairing his ability to prepare a defense. *See State v. Jones*, 96 Nev. 71, 76, 605 P.2d 202, 205-06 (1980). The racketeering count alleged liability through specific sections of NRS 207.400(1); the indictment alleged specific acts of misconduct by

Ahearn and his codefendants involving specific victims, *see Lewis v. State*, 100 Nev. 456, 460, 686 P.2d 219, 221 (1984) ("NRS 173.075(2) permits incorporation of the allegations of one count in another count of an indictment."), *op. corrected*, 696 P.2d 993 (1985);[1] and the racketeering count alleged a course of criminal conduct into which these specific acts fit. Unlike the indictment in *State v. Hancock*, 114 Nev. 161, 955 P.2d 183 (1998), the present indictment specifically alleged how Ahearn participated in the charged conduct. Ahearn's claim that the count should have included the predicate offenses and their elements lacks merit, as that would risk impermissibly charging multiple crimes in the same count and would be very confusing to the jury. *See Gordon v. Eighth Judicial Dist. Court*, 112 Nev. 216, 228-29, 913 P.2d 240, 248 (1996). Ahearn has failed to provide cogent argument supporting his claim that vagueness of the pleadings impaired his ability to cross-examine witnesses, and we decline to consider the claim. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). We conclude that Ahearn had practical notice of the

---

[1]Ahearn asserts that incorporation must be express, relying on federal case law. *See Walker v. United States*, 176 F.2d 796, 798 (9th Cir. 1949). *But see United States v. Staggs*, 881 F.2d 1527, 1531 (10th Cir. 1989); *Hudspeth v. United States*, 183 F.2d 68, 69 (6th Cir. 1950). We are not persuaded in light of the adequate notice provided by the entire indictment, as Ahearn identifies no Nevada authority for this proposition and provides no reason to deviate from *Laney*'s guidance that the test is whether adequate notice of the charges has been provided, as a practical matter. *See* 86 Nev. at 178, 466 P.2d at 669. We further note that, when Ahearn and his codefendants first raised this challenge, codefendant's counsel ignored the district court's question whether amending the indictment to incorporate by reference allegations in other counts would resolve this asserted deficiency.

State's theory of racketeering and an adequate opportunity to prepare his defense.[2]

Second, Ahearn argues that insufficient evidence supported his convictions and that the district court abused its discretion in denying his motion for an advisory verdict or a new trial. The district court has discretion to advise the jury to acquit a defendant when it deems the evidence insufficient for a conviction, NRS 175.381(1), and we review its decision for an abuse of discretion. *See Milton v. State*, 111 Nev. 1487, 1494, 908 P.2d 684, 688 (1995). We will not overturn its decision on a motion for a new trial absent an abuse of discretion. *Johnson v. State*, 118 Nev. 787, 796, 59 P.3d 450, 456 (2002), *overruled on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011). Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

The record shows the following. Officer Charles Peck visited Club Exclusive II as an undercover officer. Several attendants there insinuated the sale of sexual services, and Peck agreed to purchase their services, paying $220. Peck was led to another area where he was asked to upgrade to purchase additional sexual services that were superior. He agreed and paid another $260. His attendant performed a hand massage while seeking to elicit another upgrade, suggesting that he would then receive the sexual services that he had paid for. Peck declined, and his

---

[2]Ahearn also challenged the multiple-transactions count, asserting that the indictment improperly alleged a single transaction. We address and reject Ahearn's characterization of NRS 205.377 below.

attendant left. Ahearn arrived shortly thereafter and told Peck to leave the premises, standing very close to Peck to physically intimidate him. Ahearn escorted Peck from the premises. Testimony established that the club's business was for its attendants to make male patrons think they could get sexual services by touching them suggestively, speaking provocatively, mentioning one-on-one time, telling patrons that they would have a great time, and mentioning repeat customers. The attendants would seek to elicit as many upgrades as possible from the patrons and would never provide the sexual services sold. Ahearn was one of the bouncers, and the bouncers would monitor a security video feed for a signal from an attendant that a patron was unruly or would no longer upgrade and would remove the patron from the premises. Ahearn and all other staff members attended regular staff meetings at which the club's business practices, namely defrauding its patrons through misrepresenting the sale of sexual services, were discussed.

The jury could reasonably infer from the evidence presented that Ahearn aided and abetted two transactions involving acts in the course of an enterprise with the intent to defraud by means of a false representation known to be false and the intent to induce reliance, causing a loss greater than $250. *See* NRS 205.377(1) (2010). The jury could also reasonably infer that Ahearn agreed to participate in racketeering activity through Club Exclusive II's affairs and overtly acted to effect this agreement. *See* NRS 207.400(j). Accordingly, a rational trier of fact could find guilt beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. The jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Ahearn fails to provide cogent argument in support of his one-

sentence argument that his conviction for multiple transactions involving fraud or deceit was inconsistent with his acquittal for theft when they were both based on the same set of facts, and we decline to consider it. *See Maresca*, 103 Nev. at 673, 748 P.2d at 6; *cf. United States v. Powell*, 469 U.S. 57, 65 (1984) (denying relief on inconsistent-verdict argument); *Bollinger v. State*, 111 Nev. 1110, 1116-17, 901 P.2d 671, 675 (1995) (applying *Powell*). Accordingly, the district court did not abuse its discretion in denying Ahearn's respective motions to set aside the jury verdict and for a new trial or for an advisory verdict.

Third, Ahearn argues that he cannot be liable for racketeering because he was not a manager but merely an independent contractor and asks this court to adopt a federal rule to this effect. The federal statute requires a person to be involved in directing the broader operation or management of the enterprise. *Reves v. Ernst & Young*, 507 U.S. 170, 179, 185 (1993) (interpreting language in 18 U.S.C. § 1962(c) proscribing a person employed by or associating with an enterprise from participating "*in the conduct of* such enterprise's affairs through a pattern of racketeering activity" (emphasis added)). Nevada's statute is broader than the federal statute, proscribing a person "employed by or associated with any enterprise to . . . participate . . . in: (1) The affairs of the enterprise through racketeering activity; or (2) Racketeering activity through the affairs of the enterprise." NRS 207.400(1)(c). Nevada lacks the "in the conduct of" language and thus the management requirement. We reject Ahearn's claim and decline to adopt this requirement from federal racketeering law.

Fourth, Ahearn argues that "multiple transactions" in NRS 205.377 requires different instances on different days or with different victims. "The interpretation of a statute presents a question of law and is

SUPREME COURT
OF
NEVADA

(O) 1947A

subject to de novo review." *Mendoza-Lobos v. State*, 125 Nev. 634, 642, 218 P.3d 501, 506 (2009). "This court will attribute the plain meaning to a statute that is not ambiguous." *Id.* NRS 205.377 proscribes a person from "engag[ing] in an act . . . which operates . . . as a fraud . . . in at least two transactions that have the same or similar pattern." A transaction is an "[a]ct of transacting or conducting any business." *Transaction,* Black's Law Dictionary (6th ed. 1990). In arguing that a single event cannot contain multiple transactions, Ahearn has not identified ambiguity in the statute's construction, but rather challenges its application to the present facts. Peck paid once to purchase admission to the premises and time with an attendant, was led to another area, and paid again when offered to upgrade by purchasing a purportedly better package of services. Under the plain meaning of "transaction," Peck completed a transaction and then completed another transaction shortly thereafter. We reject Ahearn's proposed construction.

Fifth, Ahearn argues that jury instruction no. 32 misstated racketeering law by permitting liability without finding that he committed two predicate offenses. The predicate-offense argument disregards that liability under NRS 207.400(1) may be established without finding commission of two or more crimes related to racketeering, such as by conspiring to participate in racketeering activity through the affairs of an enterprise. *See* NRS 207.400(1)(j). Accordingly, we reject this argument.

Ahearn further argues that instruction no. 32 added a theory of liability not included in the indictment, warranting reversal. This court has reversed a murder conviction where the State charged open murder, the State added a felony-murder theory after the close of the evidence, and this court concluded that the defendant did not have adequate notice of the charges on which his conviction was based. *Alford v. State*, 111 Nev.

1409, 1411-12, 1415, 906 P.2d 714, 715, 717-18 (1995). Where an appellant has failed to timely object to a jury instruction, as Ahearn here, his arguments are reviewed for plain error affecting his substantial rights. *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). The instruction plainly contains error, as it omitted NRS 207.400(1)(b), which was alleged in the indictment, and added NRS 207.400(1)(e)-(f), which were not. Yet Ahearn did not incite others to use violence or threats in serving the club's frauds or play any part in the club's financing or management, and thus the erroneous subsections did not address liability pertinent to his conduct, such that Ahearn did not suffer prejudice. We conclude that the error did not affect Ahearn's substantial rights.[3]

Sixth, Ahearn argues that the district court abused its discretion in settling jury instructions by denying proposed instructions on the presumption of innocence, the destruction of evidence, and the jury's duty to acquit for the State's failure to present evidence on "criminal enterprise." We review the district court's decisions in settling jury instructions for an abuse of discretion or judicial error, *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005), and review de novo whether a jury instruction is an accurate statement of law, *Nay v. State*, 123 Nev. 326, 330, 167 P.3d 430, 433 (2007). We have previously affirmed rejection of the proposed innocence instruction when the jury was properly instructed on reasonable doubt, *see Bails v. State*, 92 Nev. 95, 96-97, 545

---

[3]We have considered the remainder of Ahearn's challenges to the jury instructions provided that were not timely objected to and conclude that he has failed to show plain error. *See Green*, 119 Nev. at 545, 80 P.3d at 95. To the extent that Ahearn challenged instructions pertaining to offense definitions, we conclude that his arguments lack merit, as discussed above.

P.2d 1155, 1155-56 (1976), and the jury was properly instructed here. The record suggests that the police's failure to seize the digital-video recorder was negligence, not gross negligence, such that an instruction pursuant to *Sanborn v. State*, 107 Nev. 399, 812 P.2d 1279 (1991), was not warranted. *See Randolph v. State*, 117 Nev. 970, 987, 36 P.3d 424, 435 (2001). The district court rejected the duty-to-acquit instruction as an inaccurate statement of law, noting that "criminal enterprise" is not a term of art, and Ahearn fails to provide cogent argument that the district court erred. *See Maresca*, 103 Nev. at 673, 748 P.2d at 6. We conclude that the district court did not abuse its discretion in denying these proposed instructions.

Seventh, Ahearn argues that the district court erred in failing to hold a hearing before admitting testimony about prior bad acts. The district court has considerable discretion in determining whether evidence is relevant and admissible. *Castillo v. State*, 114 Nev. 271, 277, 956 P.2d 103, 107-08 (1998). Uncharged prior bad acts are presumed to be inadmissible. *Tavares v. State*, 117 Nev. 725, 731, 30 P.3d 1128, 1131 (2001), *modified on other grounds by Mclellan v. State*, 124 Nev. 263, 182 P.3d 106 (2008). The Manchester video was relevant and admissible as to charges against Ahearn's codefendant. *See* NRS 48.015; NRS 48.025. The chargeback letters were probative as to the intent to defraud and the club's criminal objectives and were thus relevant and admissible. *See* NRS 48.015; NRS 48.025. The complaint-call and business-license testimony were non-hearsay admitted to show the course of the police investigation. *See Wallach v. State*, 106 Nev. 470, 473, 796 P.2d 224, 227 (1990); *Sheriff v. Blasko*, 98 Nev. 327, 330 n. 2, 647 P.2d 371, 373 n. 2 (1982). The screening-question and illegal-brothel testimony did not implicate the defendants in a crime or provide inadmissible character evidence and were not challengeable under a prior-bad-act analysis. *See* NRS 48.045; *Lamb*

*v. State*, 127 Nev. 26, 41, 251 P.3d 700, 710 (2011). We conclude that the district court did not abuse its discretion in admitting this evidence.

Eighth, Ahearn argues that the State improperly impeached its witnesses with their guilty pleas and improperly used coperpetrators' guilty pleas as substantive evidence of the defendants' guilt. The jury is presumed to follow its instructions. *Leonard v. State*, 117 Nev. 53, 66, 17 P.3d 397, 405 (2001). The jury was instructed to determine the guilt of each defendant individually and that each defendant was presumed innocent. Further, juries may inspect a codefendant's plea agreement, NRS 175.282(1); *Sessions v. State*, 111 Nev. 328, 334, 890 P.2d 792, 796 (1995), and other jurisdictions have widely held that the State may anticipate a codefendant's cross-examination by asking about a plea agreement to better assist the jury in assessing credibility, *see, e.g., United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir. 1981). We conclude that the testimony elicited was not itself improper and that Ahearn has failed to support his implication that the jury used evidence of his codefendant's plea agreements improperly.

Ninth, Ahearn argues that the district court erred in permitting use of the phrase "clip joint" and that the State exceeded the district court's order limiting its usage. Evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice. NRS 48.035(1). As the term was relevant to describing the course of the police investigation, the prejudicial effect of this relatively archaic phrase was minimal, and the State did not elicit this testimony from other witnesses, we conclude that the district court did not abuse its discretion in admitting the evidence and reject the argument that the State exceeded the district court's order. *See Castillo*, 114 Nev. at 277, 956 P.2d at 107-08.

SUPREME COURT
OF
NEVADA

(O) 1947A

9

Tenth, Ahearn argues that admitting the advertising materials was error. As the advertisements were probative as to the services the club represented that it provided, they were relevant to the defendants' intents to defraud, deprive of property, and participate in racketeering activity alleged in the indictment. *See* NRS 48.015; NRS 48.025. We conclude that the district court did not abuse its discretion in this admission. *See Castillo*, 114 Nev. at 277, 956 P.2d at 107-08.

Eleventh, Ahearn argues that cumulative error warrants reversal. Because Ahearn has shown only one error for which he has failed to show prejudice, there is nothing to cumulate.

Twelfth, Ahearn argues that the district court abused its discretion in sentencing by denying his motion to transfer him to veteran's court. Transfer is discretionary under NRS 176A.290(1), and Ahearn has failed to show that the district court abused that discretion in denying his motion when it found no nexus between the crime and his service.

Having considered Ahearn's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

10

cc:    Hon. David B. Barker, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A