# IN THE SUPREME COURT OF THE STATE OF NEVADA

CAMERON THOMAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71044

FILED

JAN 04 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of three counts of sexual assault with a minor under the age of fourteen, eight counts of lewdness with a child under the age of fourteen, and two counts of attempted lewdness with a child under the age of fourteen. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.

Appellant Cameron Thomas was charged with 23 criminal counts relating to sexual offenses he committed against four children—A.P., M.A.S., M.S., and Z.F.—and was convicted of the 13 counts noted above. He was sentenced to 40 years to life in prison. Thomas asserts 14 claims on appeal. Having reviewed the record and considered the issues raised on appeal, we conclude that reversal is not warranted except as to two of the lewdness convictions, which are impermissibly redundant. We therefore affirm the convictions with the exception of Counts 2 and 6, which we reverse, and we remand to the district court for resentencing.

19-00572

## DISCUSSION

*The district court did not abuse its discretion in admitting evidence of Thomas's prior bad acts*

Thomas argues that the district court erred in admitting A.P.'s testimony regarding two prior acts constituting sexual offenses that Thomas committed against her.[1] Thomas argues that A.P.'s testimony failed to satisfy the *Petrocelli* requirements and NRS 48.045 does not permit the admission of prior bad acts for propensity purposes. We disagree.

This court reviews a district court's admission of evidence of prior bad acts for an abuse of discretion. *Salgado v. State*, 114 Nev. 1039, 1043, 968 P.2d 324, 327 (1998). NRS 48.045(3) exempts prior acts constituting sexual offenses from the prohibition on prior bad act evidence,

---

[1] Thomas also argues that the district court erred in allowing the State, on cross-examination, to question him about an incident at his place of employment and question his wife about his use of corporal punishment against the children. The State's questions do not raise concerns about improper admission of bad act evidence because they were asked in response to statements Thomas and his wife made on direct examination and were probative of truthfulness. *See* NRS 50.085(3). Attempting to impeach a witness does not involve proof of the act in question, and questions regarding specific acts are permissible if they pertain to truthfulness. *See Collman v. State*, 116 Nev. 687, 703, 7 P.3d 426, 436 (2000).

Thomas refers to the district court's denial of his motion for mistrial following another witness's unprompted testimony regarding an additional bad act, but he fails to provide any argument as to why the legal standard applied by the district court was improper. *See Tavares v. State*, 117 Nev. 725, 731, 30 P.3d 1128, 1132 (2001) (observing that when the defense declines a limiting instruction following such testimony, that refusal should govern), *modified by Mclellan v. State*, 124 Nev. 263, 270, 182 P.3d 106, 111 (2008); *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (holding that it is the appellant's responsibility to provide cogent argument). Consequently, Thomas is not entitled to relief on these grounds.

and allows evidence of such acts to establish the defendant's propensity to engage in conduct constituting sexual offenses if the evidence is relevant to the crime charged pursuant to NRS 48.015, its probative value is not substantially outweighed by the risk of unfair prejudice, and the district court determines that a jury could reasonably find the prior sexual offense proven by a preponderance of the evidence. *Franks v. State*, 135 Nev., Adv. Op. 1, ___ P.3d ___, ___ (2019). To determine whether the risk of unfair prejudice outweighs the evidence's probative value, this court looks to:

> "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial."

*Id.* at ___ (quoting *United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001)).

*Franks* had not been decided at the time of Thomas's trial, and thus the district court did not explicitly consider the individual factors *Franks* requires in determining the admissibility of A.P.'s testimony. However, A.P.'s testimony regarding the uncharged sexual acts was subjected to a hearing pursuant to *Petrocelli v. State*, 101 Nev. 46, 51-52, 692 P.2d 503, 507-08 (1985), *superseded in part by statute as stated in Thomas v. State*, 120 Nev. 37, 44-45, 83 P.3d 818, 823 (2004), at which the district court determined that the evidence was relevant and did not have its probative value outweighed by its risk of unfair prejudice, and that the other acts were proven by clear and convincing evidence. We see no error in the district court's findings. In looking to the factors set forth in *Franks*, we conclude the district court properly admitted the evidence because it was relevant to show the defendant's propensity for specific sexual acts and did

not present a risk of unfair prejudice substantially outweighing its probative value because of the substantial similarity between the acts and their closeness in time and frequency. Consequently, the district court did not abuse its discretion in permitting A.P. to testify regarding the prior sexual acts.

*The district court did not abuse its discretion or plainly err in admitting hearsay evidence*

Thomas argues that the district court erred in allowing Amanda Rand, Officer Kathleen Van Gordon, Faiza Ebrahim, and Martha Mendoza to testify as to statements made by the child victims pursuant to NRS 51.385 because one of the child victims, Z.F., was an unreliable witness and statements made by forensic interviewers should not be considered spontaneous.[2] We disagree with Thomas's contention that the district court erred in admitting any of the witnesses' hearsay statements into evidence.

Thomas objected to the introduction of Rand and Van Gordon's testimonies, and we review the court's admission of this evidence for an abuse of discretion. *Means v. State*, 120 Nev. 1001, 1007-08, 103 P.3d 25, 29 (2004). NRS 51.385(1) allows for the admission of hearsay statements made by children under the age of ten describing sexual conduct done towards the child if, after holding a hearing outside of the presence of the

---

[2]Thomas further argues that the court erred in admitting the statements of Officer James Sink, Ramona Slattery, and Cheryl Barbian. Thomas, however, requested that the State call Sink as a witness, and thus, even assuming any error exists, Thomas is "estopped from raising any objection on appeal," *see Carter v. State*, 121 Nev. 759, 769, 121 P.3d 592, 599 (2005), and the other two witnesses did not testify as forensic interviewers or as to statements made by Z.F. Consequently, Thomas raises no argument against the admission of their statements and is not entitled to relief on this ground.

jury, the court determines the child's statement is trustworthy and the child testifies at the proceeding or is unavailable to testify. The factors that the court considers to determine trustworthiness are: the spontaneity of the statement, whether the victim was subject to repetitive questioning, the child's motive to fabricate, the use of unexpected terminology for a child of that age, and the child's mental stability. NRS 51.385(2).

Here, Rand and Van Gordon were permitted to testify as to statements made by Z.F. regarding sexual abuse after the district court held a hearing, at which Z.F. testified, and concluded that Z.F. had no motive to fabricate. Thomas points to no factual basis on which to conclude that the district court abused its discretion in this regard other than speculating that the timing of Z.F.'s disclosures regarding her mother's physical abuse and Thomas's sexual abuse indicate that she fabricated allegations of sexual abuse to distract from the allegations of physical abuse just made against her mother. The district court, however, determined that the physical abuse allegation did not provide a motive to lie about the sexual abuse and furthermore, it appropriately considered that Z.F. did not use inappropriate terminology, was not repetitively questioned by the witnesses, and was not mentally unstable. Even assuming Rand and Van Gordon's interviews were of a nature that rendered Z.F.'s statements not entirely spontaneous, there is nothing to suggest that this would outweigh all other factors. As a result, the district court did not abuse its discretion in admitting Rand and Van Gordon's testimony.

Thomas did not object to the admission of Ebrahim or Mendoza's statements, and we review the district court's decision for plain error. *Jeremias v. State*, 134 Nev., Adv. Op. 8, 412 P.3d 43, 48 (2018). Plain error exists where (1) there was an error, (2) the error is apparent from a



casual inspection of the record, and (3) the error affected the appellant's substantive rights. *Id.* Having inspected the record, we perceive no plain error in the district court's decision to allow forensic interviewers Ebrahim and Mendoza to testify regarding sexual abuse statements made by M.S. and M.A.S., as the district court appropriately weighed the factors provided in NRS 51.385(2) in determining the trustworthiness of the statements.

*The district court erred in entering convictions of lewdness and sexual assault for the same underlying acts*

Thomas was convicted of both sexual assault (Counts 1 and 5) and lewdness (Counts 2 and 6) based upon the same acts, despite the State explicitly stating in its closing argument that they were pleaded in the alternative. Thomas argues, and the State concedes, that Counts 2 and 6 should be reversed. We agree.

Where lewdness with a minor is pleaded in the alternative to sexual assault, the defendant may only be convicted of one of the charges. *State v. Koseck*, 113 Nev. 477, 480, 936 P.2d 836, 838 (1997) ("[S]exual assault and lewdness are 'mutually exclusive' insofar as they cannot both lead to convictions based on the same act."). As a matter of law, a defendant cannot be convicted of both sexual assault and lewdness for the same acts, *see id.*, and we therefore reverse Thomas's convictions for Counts 2 and 6 and remand to the district court for resentencing.

*The district court did not abuse its discretion in denying Thomas's motion for a mistrial or dismissal of Count 1 for inadequate notice*

Thomas argues that because Count 1 of sexual assault did not allege an exact date and covered a span of time in which A.P. alleged three distinct instances of sexual assault, he was not on notice of the allegations supporting that count. We disagree.

A district court's denial of a motion for mistrial is reviewed for abuse of discretion. *Rudin v. State*, 120 Nev. 121, 142, 86 P.3d 572, 586 (2004). The Information must present a plain statement of the essential facts constituting the offense. NRS 173.075(1); *Laney v. State*, 86 Nev. 173, 178, 466 P.2d 666, 669 (1970) (noting that the charging document "must contain the elements of the offense intended to be charged and must be sufficient to apprise the accused of the nature of the offense so that he may adequately prepare a defense"). There is no absolute requirement that the State allege an exact date when time is not an essential element of the crime. *Cunningham v. State*, 100 Nev. 396, 400, 683 P.2d 500, 502 (1984). The question of sufficiency of the pleading is practical rather than technical. *Laney*, 86 Nev. at 178, 466 P.2d at 669. This court will not set aside a conviction unless the appellant is able to demonstrate that the charging document was so insufficient that it amounts to a miscarriage of justice or actually prejudiced a substantial right. *Id.* at 177, 466 P.2d at 669.

Here, the amended Information clearly indicates the crime charged, its elements, and the means by which Thomas committed the offense within a set time period. This court has previously noted the difficulties in prosecuting sex crimes where the victim is a young child, typically the sole witness to the offense, and unable to identify the exact date of the offense, and the abuse occurred repeatedly or regularly over different periods of time. *See LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992); *Cunningham*, 100 Nev. at 400-01, 683 P.2d at 502. The State dealt with these difficulties in a manner that ensured Thomas had adequate notice of the charges brought against him. A.P.'s voluntary statement and preliminary hearing testimony provided significant factual detail that conformed to the State's theory of the case as pleaded in the Information,

as did the evidence it employed at trial. As a result, we see no merit to the contention that the charging document was so vague as to prevent Thomas from preparing a defense or that his substantial rights were prejudiced. Furthermore, the particular factual allegations the State presented to the jury in support of Count 1 are clearly documented in the record such that Thomas would be able to plead double jeopardy should the need arise. *See Laney*, 86 Nev. at 178, 466 P.2d at 669 ("And, after a conviction, the entire record of the case must be sufficient so as to enable the accused to subsequently avail himself of the plea of former jeopardy if the need to do so should ever arise."). We therefore conclude that the district court did not abuse its discretion in denying Thomas's motion for a mistrial.

*The district court did not abuse its discretion in denying Thomas's motion to sever the counts regarding each victim*

Thomas argues that, in trying the counts regarding the multiple victims together, the sheer number of charges prejudiced the jury against him. We disagree.

This court reviews decisions to join or sever charges for an abuse of discretion. *Weber v. State*, 121 Nev. 554, 570, 119 P.3d 107, 119 (2005), *rejected on other grounds by Farmer v. State*, 133 Nev., Adv. Op. 86, 405 P.3d 114 (2017). NRS 173.115(1) allows a defendant to be charged with multiple offenses in a single indictment or information if they are based on the same act or transaction, or consist of multiple acts in a common scheme or plan. This court clarified in *Farmer* that a common scheme is a series of "crimes that share features idiosyncratic in character." 133 Nev., Adv. Op. 86, 405 P.3d at 120 (internal quotation omitted). To determine whether a common scheme exists between multiple crimes, this court considers the: "(1) degree of similarity of offenses; (2) degree of similarity of victims; (3) temporal proximity; (4) physical proximity; (5) number of victims; and (6)

other context-specific features." *Id.*, 405 P.3d at 121 (internal citations omitted).

Here, all of the offenses involved similar underlying acts, occurred between 2006 and 2010, and occurred in the same locations in Las Vegas. The victims and the circumstances in which Thomas perpetrated the offenses against them were very similar. Each of the four victims were girls under the age of fourteen, and were the children of Thomas's friends or acquaintances who Thomas was either tasked with watching as part of his employment duties at a day care facility or permitted to be around outside the presence of other adults. Consequently, the district court did not abuse its discretion in denying Thomas's motion to sever the counts as to each victim because they were properly joined as part of a common scheme.

*Cumulative error does not require reversal*

In determining cumulative error, this court looks to the factors of: "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000). Cumulative error looks to the manner in which multiple errors combine to deny a fair hearing to a defendant. *Collier v. State*, 101 Nev. 473, 483, 705 P.2d 1126, 1132 (1985). Because the only error in this case occurred when the district court entered redundant convictions on the alternative counts of lewdness and sexual assault, which supports the discrete relief granted, there are not multiple errors to cumulate. Having considered Thomas's remaining arguments and finding them to be without merit,[3] we

---

[3]Thomas raised a number of other issues that we were unable to consider on the merits, including that: (1) Reed's brief statement that

Thomas's son was engaging in some form of inappropriate touching constituted the improper admission of a prior bad act, (2) the State's closing argument implied that there were additional victims, (3) the district court failed to properly record some of the bench conferences. (4) the State improperly asked Thomas's expert witness whether he had ever met the victims, and (5) a statement made by a prospective juror during voir dire required a new jury panel. "It is [the] appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court," *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987), and Thomas's failure in this regard precludes our consideration of these issues on the merits.

Thomas further argues that the district court erred in granting the State's motion to preclude evidence that Reed was abusing Z.F., denying his motion for independent psychological evaluations of the victims, and denying his motion to include an additional jury instruction on the presumption of innocence. We are unable to evaluate Thomas's arguments regarding the precluded evidence and motion for independent psychological evaluations because he has failed to provide the district court's dispositions, either in the form of orders or hearing transcripts, in order for us to determine the existence of error. *See* NRAP 28(a)(10)(A); NRAP 30(b)(2)-(3) (providing that appellant is required to provide all pretrial orders in its appendix); *Rodriguez v. State*, 117 Nev. 800, 811, 32 P.3d 773, 780 (2001) (recognizing that it is appellant's responsibility to provide this court with cogent argument supported by legal authority and reference to relevant parts of the record); *Jacobs v. State*, 91 Nev. 155, 158, 532 P.2d 1034, 1036 (1975) (stating that the appellant has the responsibility to provide materials necessary to review the district court's decisions). Regarding his requested jury instruction, Thomas notes in is opening brief that it is not error for the district court to fail to include the requested additional instruction on the presumption of innocence, and this contention is without merit. *See Mason v. State*, 118 Nev. 554, 559, 51 P.3d 521, 524 (2002).

Finally, Thomas's contention that the State improperly referenced a civil suit between Thomas's former employer and his victims is without merit. Because Thomas failed to preserve this issue at trial, we review it for plain error. *Jeremias*, 134 Nev., Adv. Op. 8, 412 P.3d at 48 (requiring proof of prejudice as an element of plain error). Here, reference to the civil suit was not used to establish facts in the criminal proceeding,

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____Cherry_____, J.
Cherry

_____Parraguirre_____, J.
Parraguirre

_____Stiglich_____, J.
Stiglich

cc:   Hon. Kerry Louise Earley, District Judge
      Law Office of Christopher R. Oram
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

nor did it imply a determination of guilt had been made, *see United States v. Meza-Soria*, 935 F.2d 166, 169 (9th Cir. 1991), but simply acknowledged the existence of the civil suit to address Thomas's charge of a financial motivation to fabricate the allegations in question. As a result, Thomas was not prejudiced by the State's argument and questions.